IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PERCY-EDWARD JR. PAIR, *

Plaintiff, *

v. * Civil Action No. RDB-15-1458

SOCIAL SECURITY ADMINISTRATION, *

Defendant. *

* * * * * * * * * * * *

**MEMORANDUM OPINION**

*Pro se* Plaintiff Percy-Edward Jr. Pair ("Plaintiff" or "Pair") filed this action (ECF No. 2) under the Maryland Public Information Act, Md. Code Ann., General Provisions, §§ 4-101–4-601 (2015)[1] seeking Judicial Review of Defendant Social Security Administration's ("Defendant" or "SSA") alleged denial of his multiple requests to inspect public records pertaining to the alphanumeric code on the back of his Social Security Card. Currently pending before this Court is Defendant's Motion to Dismiss the Petition or, in the Alternative, for Summary Judgment (ECF No. 9). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED. Accordingly, Plaintiff's Petition for Judicial Review (ECF No. 2) is DISMISSED.

[1] Plaintiff originally filed this action under the Maryland Public Information Act, Md. Code Ann., General Provisions, §§ 4-101–4-601 (2015). However, the Maryland Public Information Act does not apply to federal agencies such as the Social Security Administration. Because documents filed *pro se* are to be "liberally construed" and are "held to less stringent standards than formal pleadings by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), this Court will proceed to address Plaintiff's claims under the Freedom of Information Act, 5 U.S.C. § 552(a) ("FOIA"), the federal statute under which Plaintiff should have filed this petition initially.

BACKGROUND

In ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiff. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The relevant facts, construed in Plaintiff's favor, are as follows.

On September 24, 2013, Plaintiff Percy-Edward Jr. Pair ("Plaintiff" or "Pair") submitted a request to the Social Security Administration ("Defendant" or "SSA") in Baltimore, Maryland to inspect "any and all data, records, or accounts linked to F75511898," the alphanumeric code on the back of his Social Security card. Opp'n to Mot. to Dismiss p. 2, ECF No. 11. Having received a certified mail delivery receipt, but no response from SSA, Pair filed a Petition for Judicial Review in the Circuit Court for Baltimore City on November 26, 2013. Pair sought relief in the form of a hearing, an injunction to prevent SSA from continuing to withhold public records, a judgment against SSA for "knowingly and willfully failing to disclose a public record that the complainant is entitled to inspect," $1,000 in actual and punitive damages, and reimbursement for the cost of certified mail to SSA. Pet. for Judicial Review p. 2, ECF No. 2.

Via letter dated January 16, 2014, SSA confirmed receipt of Pair's request and asked that he provide his Social Security number so that his request could be submitted to the proper office within the agency. Opp'n to Mot. to Dismiss Ex. 2, ECF No. 11. The next

day, Pair provided his Social Security number, and again requested information regarding "the single 'F' letter and eight digit '75511898' number" on the back of his Social Security card. Opp'n to Mot. to Dismiss Ex. 3, ECF No. 11.

On March 17, 2014, Pair sent another letter to SSA posing multiple questions he asserted "only the Social Security Administration can answer." These questions included, "Is the Queen of England the [actual] Director of the Social Security Fund and Administration?" and "If I am identified by this Social Security number . . . than [*sic*] what purpose does the single 'F' letter and eight '75511898' digit number on the back of the card serve?". Opp'n to Mot. to Dismiss Ex. 4, ECF No. 11. On March 31, 2014 and again on January 26, 2015, Pair sent additional letters to SSA, requesting various types of "records, documents, data, [and] files" pertaining to the alphanumeric code on the back of his Social Security card. Opp'n to Mot. to Dismiss Ex. 5-6, ECF No. 11. On February 27, 2015, Pair requested the name of the authority to which he could appeal SSA's "non-compliance" to his application for public records. Opp'n to Mot. to Dismiss Ex. 8, ECF No. 11.

On March 18, 2015, SSA received notice of Pair's Petition for Judicial Review from the Clerk of the Circuit Court for Baltimore City. Notice to Administrative Agency of Judicial Review, ECF No. 3. On April 29, 2015, the Acting Deputy Executive Director of the Office of Privacy and Disclosure for SSA conducted a search of the agency's system and was unable to locate Pair's various letters and requests for information. Mot. to Dismiss 4, ECF No. 9. SSA removed the case to this Court on May 21, 2015. Notice of Removal, ECF No. 4. On July 1, 2015, SSA moved to dismiss this case on the grounds that Pair

failed to meet his burden of establishing this Court's jurisdiction, and alternatively that he had failed to state a claim. Mot. to Dismiss, ECF No. 9.[2]

Subsequently, Pair filed a brief in opposition to the pending motion and attached the letters he sent to SSA requesting public records. Opp'n. to Mot. to Dismiss, ECF No. 11. Although SSA claims to have never received the letters attached to Pair's Opposition, SSA did respond to each of his questions in a letter dated August 14, 2015. In that letter, SSA clarified that each Social Security card has a "pre-printed nine-digit alphanumeric number on its back" that is "used by the vendor [who provides the cards] and SSA for security and control purposes to prevent fraud and counterfeiting," but "[t]here are no statutes or regulations governing the control number and it has no public use." Letter to Pair 1, ECF No. 17-2. In addition, SSA offered to provide Pair with information about his Social Security number and attached the necessary payment form for an official records request. *Id.* at 2-4.

STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not

[2] While Pair's Complaint fails to allege any factual details to survive an analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court, for the reasons that follow, grants the pending Motion to Dismiss for lack of Subject Matter Jurisdiction.

true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dept. of Pub. Safety & Corr. Services*, 94 F. Supp. 2d 680, 684–85 (D. Md. 2000).

ANALYSIS

Defendant argues that this Court does not have subject matter jurisdiction over this matter because Plaintiff (1) has not alleged Defendant is improperly withholding existing agency records and (2) has not exhausted available administrative remedies prior to seeking judicial review.

**I. Plaintiff has failed to show that SSA improperly withheld agency records**

The Freedom of Information Act (FOIA) vests jurisdiction in federal district courts to "enjoin an agency from withholding agency records and to order the publication of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Under 5 U.S.C. § 552(a)(4)(B), a federal district court only has subject matter jurisdiction over a FOIA dispute where the plaintiff alleges that the defendant "(1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger*, 445 U.S. at 150. A federal district court lacks jurisdiction "to force an agency to comply with the FOIA's disclosure requirements" unless these three elements are met. *U.S. Dep't. of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). Federal courts "have no authority to order the production of [requested] records under the FOIA" when an administrative agency demonstrates that it has not "withheld" such records. *Kissinger*, 445 U.S. at 139.

Plaintiff contends that he submitted multiple requests for records from the Defendant regarding the alphanumeric code on the back of his Social Security card, and that Defendant failed to produce such records. After reviewing the letters attached to Plaintiff's Opposition (ECF No. 11) in which Plaintiff requested the records, Defendant responded to Plaintiff "as though the letters had been received in the normal course of business." Reply to Pl.'s Opp'n 2, ECF No. 17. Defendant explained that the alphanumeric code on the back of the Social Security card is "a control number with no public use" and "no documents exist related to that control number." *Id.* Defendant cannot be compelled to produce documents that simply do not exist. Additionally, there is no indication that Plaintiff has

requested any other records actually in the possession of Defendant that Defendant has improperly withheld. Therefore, Plaintiff fails to establish that this Court has subject matter jurisdiction over his claim.

## II. Plaintiff has failed to exhaust his administrative remedies

To make a request under FOIA, a citizen must follow the federal agency's published procedures. *See* 5 U.S.C. § 552(a)(3)(A); *Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir. 1995); *see also Smith v. Cummings*, No. PJM-10-1891, 2010 WL 2925880, *2 (D. Md. July 22, 2010). Before judicial review of an agency's compliance can occur, a citizen must exhaust the agency's administrative procedures. *Haley v. Social Security Administration*, No. RWT-12-3086, 2013 WL 2949074, *2 (D. Md. June 13, 2013). Under SSA regulations, a request for a record "should reasonably describe the record" and "identify the request as a Freedom of Information Act request." 20 C.F.R. § 402.130. In addition, the outside of the envelope used to submit the request should be marked "Freedom of Information Request." *Id.*

Plaintiff has failed to demonstrate that he exhausted his administrative remedies. In its August 14, 2015 letter to Plaintiff, Defendant described the process for submitting a proper records request pertaining to a Social Security number. Despite the numerous letters that Plaintiff alleges he sent to Defendant, Plaintiff has yet to submit a legitimate and proper request for records that are actually in existence and available at SSA. Therefore, he has failed to exhaust his administrative remedies and accordingly, this Court does not have subject matter jurisdiction over his claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 9) is GRANTED. Accordingly, Plaintiff's Petition for Judicial Review (ECF No. 2) is DISMISSED.

A separate Order follows.

Dated: February 25, 2016

/s/
Richard D. Bennett
United States District Judge